UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY DAY,** for himself and all others similarly situated,<br><br>            Plaintiffs,<br>      v.<br><br>**RAZBAN ENTERPRISES, INC., A TENNESSEE CORPORATION,**<br><br>            Defendant. | Case No. |

## NOTICE OF COLLECTIVE ACTION SETTLEMENT

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT DESCRIBED IN THIS NOTICE.**

**TO:   All persons who worked for Razban Enterprises, Inc. ("Defendant") at its Domino's pizza stores as delivery drivers at any time during the Release Period (as defined below).**

On _____, 2019 the Court granted approval of a settlement as set forth in a Settlement and Release Agreement ("Settlement Agreement").

The Collective Representative and Collective Counsel (as defined below) believe the proposed settlement is fair, adequate, and reasonable and in the best interest of the Settlement Collective. This Notice informs you of the settlement and its terms and your rights to participate in the settlement by cashing or otherwise negotiating the settlement check accompanying this Notice. This Notice also explains how you can obtain more information about the settlement.

**I.      SUMMARY OF THE LAWSUIT**

Plaintiff Anthony Day ("Plaintiff") and Defendant, Razban Enterprises, Inc. ("Defendant") are parties to *Day v. Razban Enterprises, Inc.*, Civil Action No.: 1:19-cv-1170-STA (the "Lawsuit"), which is pending in the United States District Court for the Western District of Tennessee, Eastern Division (the "Court"). Plaintiff's allegations include that Defendant underpaid its delivery drivers ("drivers") by not reimbursing its drivers a sufficient amount for their expenses associated with the use of their personal vehicles while delivering pizzas on behalf of Defendant. Plaintiff alleges that this practice violated the Fair Labor Standards Act (FLSA) by failing to pay drivers proper minimum wages under the law.

Defendant has denied (and continues to deny) each and every allegation by Plaintiff and contends that Plaintiff and the members of the Settlement Collective were provided all

compensation as required by law. The attorneys for the parties hereto have conducted substantial informal discovery and informal investigation in connection with this Lawsuit and have researched the legal and factual issues relating to the claims and defenses that are contained in the Lawsuit.

The parties reached an agreement after several rounds of settlement negotiations and mediation before a collective action mediator. The Court has approved the Settlement Agreement.

## II. COLLECTIVE ACTION DEFINITION

The Lawsuit is being settled as a collective action. In a collective action, the Plaintiff, also referred to as the Collective Representative, sues on behalf of himself and other persons with similar claims.

The Settlement Collective that the Court has certified, for settlement purposes only, under the FLSA is defined as follows:

> **All employees who have worked for Defendant as delivery drivers at any time during the Release Period.**

The Release Period is defined as the period dating back to three years prior to the date the Court granted approval of the Settlement, which occurred on _____, 2019.  **The settlement will bind all members of the Settlement Collective who cash or otherwise negotiate their settlement check.**

## III. COLLECTIVE REPRESENTATIVE AND COLLECTIVE COUNSEL

The Court has appointed Plaintiff, Anthony Day, as Collective Representative to represent the Settlement Collective. The Court has appointed the following attorneys to represent the Settlement Collective as Collective Counsel:

C. Ryan Morgan, Esq.
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 418 2069
rmorgan@forthepeople.com

## IV. SETTLEMENT AMOUNT

The settlement obligates Defendant to pay up to a potential maximum settlement amount (referred to in the Settlement Agreement as the "Maximum Settlement Amount") of Two Hundred Fifty-Five Thousand and No/100 Dollars ($255,000.00). This Maximum Settlement Amount is "all inclusive." It includes, but is not limited to: alleged unpaid expense pay, any and all associated penalties, interest, costs, attorneys' fees, claims administration costs, service award to the Collective Representative, and all other settlement-related payments and costs.

Under no condition will Defendant's liability for payments exceed the Maximum Settlement Amount. All settlement checks cashed or otherwise negotiated by members of the Settlement Collective and all attorneys' fees, costs, penalties, service award to the Collective Representative, and claims administration expenses shall be paid out of the Maximum Settlement Amount. The members of the Settlement Collective who cash or negotiate their settlement check will be responsible for their own tax obligations.

## V. SETTLEMENT ADMINISTRATOR

The settlement process will be administered by Simpluris, an experienced collective action claims administrator.

## VI. RELEASE AND WAIVER

If you sign and cash or otherwise negotiate your settlement check within 150 days of issuance, you shall be bound by the following release:

> Upon cashing or otherwise negotiating their Settlement Payments, the Opt-In Plaintiffs shall release and forever discharge Razban Enterprises, Inc., and any of its former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising on or before the date of Preliminary Approval ("Release Period"), arising out of, based on, or encompassed by: (a) the claims that were asserted in any civil complaint filed in this case on behalf of any Settlement Class Member; (b) claims that relate to or arise out of the reimbursement of expenses, under-reimbursement of expenses, or failure to reimburse expenses of any kind; (c) claims that relate to or arise out of the payment of the applicable minimum wage, under-payment of the applicable minimum wage, or failure to pay the applicable minimum wage; or (d) claims that arise under the Fair Labor Standards Act (FLSA) or any similar federal, state, municipal or local laws. Without limiting the generality of the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for res judicata purposes shall be co-extensive with this release of claims. (collectively, the "Released Claims").

If you do not cash or otherwise negotiate your settlement check within 150 days of issuance, you will not be part of the settlement and you will not release any claims against Defendant.

## VII. ATTORNEYS' FEES AND COSTS

It is customary for courts to award to collective counsel attorneys' fees based upon a percentage of the potential maximum settlement amount for the benefit of a class. In this case, Collective Counsel was awarded fees and costs in an amount not to exceed 30% of the Maximum Settlement Fund, or $76,500.00 to be paid from the Maximum Settlement Amount (the "Attorney Fee/Cost Award").

**VIII. SERVICE AWARD**

Plaintiff will receive a service award totaling $5,000.00 for performing services in assisting with this Lawsuit and settlement from the Maximum Settlement Amount (the "Service Award"). This award is in addition to the payment to the Plaintiff of his share of the settlement as a member of the Settlement Collective and compensates him for the time, effort and risk in pursuing this Lawsuit on behalf of the Settlement Collective. In additional consideration for this payment, the Plaintiff has agreed to a separate general release in favor of Defendant.

**IX. CALCULATION OF PAYMENTS**

The total amount of the Settlement Payments available for distribution to the Settlement Collective equals the Maximum Settlement Amount minus the total of (i) the Attorney Fee/Cost Award, and (ii) the Service Award, not to exceed $173,500.00 ("Net Settlement Amount").

Calculation of Settlement Payments: Each Settlement Collective Member's Settlement Payment was calculated in the following manner:

a. For each Settlement Collective Member, the total number of his or her recorded miles driven for Defendant during the Release Period shall be his/her "Individual Miles." Miles recorded for each Settlement Collective Member for the third year of damages will be reduced by 50% to account for risk involving proving a willful violation under Federal law. The aggregate of all Individual Miles among all Settlement Collective Members shall be the "Collective's Miles."

b. Each Settlement Collective Member's Individual Miles shall be divided by the Collective's Miles to obtain his/her "Payment Ratio."

c. Each Settlement Collective Member's Payment Ratio shall be multiplied by the Net Settlement Amount to arrive at his/her Settlement Payment.

Confidentiality: If you decide to cash or otherwise negotiate your settlement check and join this Lawsuit, you will be required to keep your individualized settlement amount strictly confidential, and shall not discuss, refer to or communicate to third parties or any other person or entity, or in any way publicize, disclose, distribute, discuss or disseminate your individualized settlement amount.

Taxes: Settlement Payments will be treated as an expense reimbursement, so no taxes will be deducted. Opt-In-Plaintiffs who cash or otherwise negotiate their settlement check will be responsible for reporting and paying any federal, state and/or local taxes that may be due on these payments.

Payment of Settlement Funds Will Not Be Considered By Defendant As Having Any Effect on Any Employee Benefit Plan and Similar Plans: The payment to any member of the Settlement Collective as provided for in this Settlement shall not be considered by Defendant to form the basis for additional contributions to, additional benefits under, or any other additional entitlements under any employee benefit plan, employment policy, or stock option plan of or

sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans.

X.     **EFFECT OF ACCEPTANCE/REJECTION OF SETTLEMENT CHECK**

**If you sign and cash or otherwise negotiate your settlement check, you agree to join the Lawsuit, become an Opt-In Plaintiff, and are bound by the release provision set forth above.** You must cash or otherwise negotiate your settlement check within **150 days following issuance** of the settlement check, after which time the settlement check will expire.

If you do not cash or otherwise negotiate your settlement check within 150 days of issuance, you will not receive any share of the settlement and you will retain all rights you have against Defendant. You should be aware that if you do not join this Lawsuit and later decide to bring a separate lawsuit against Defendant, the time for bringing such a claim may expire and you may receive nothing or less than you would have received if you had cashed the settlement check you received under the settlement agreement in this case.

XI.    **SUMMARY OF OPTIONS**

As a member of the Settlement Collective, you have the following options:

1.     **Cash or Otherwise Negotiate Your Settlement Check.** If you cash or otherwise negotiate your settlement check within 150 days of issuance, you agree to join the Lawsuit and to become an Opt-In Plaintiff, you will be bound by the Settlement Agreement, and you will give up the claims that are released by the Settlement Agreement.

2.     **Decide Not to Cash or Otherwise Negotiate Your Settlement Check.** You are entitled to exclude yourself from the Settlement by deciding not to cash or otherwise negotiate your settlement check within 150 days of issuance. If you exclude yourself from the Settlement, you will not receive any cash payment or any other benefits from the settlement. You will retain the right to bring all of the claims that will be released by Opt-In Plaintiffs as part of the Settlement.

XII.   **ADDITIONAL INFORMATION**

For more detailed information concerning the matters involved in the Lawsuit, please refer to the pleadings, the Orders entered in the Lawsuit, and to the other papers filed in the Lawsuit, which may be inspected at the Office of the Clerk of the U.S. District Court for the Western District of Tennessee during regular business hours.

Any questions concerning the matters contained in this Notice may be directed to Collective Counsel (at the address set forth above in Section III of this Notice). You may also seek the advice and counsel of your own attorney, at your own expense, if you desire.

**Do Not Call or Write the Court to Obtain Copies of Documents
Or To Ask Questions About The Settlement.**