IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY DAY**, for himself and all others similarly situated, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) No. 1:19-cv-01170-STA-jay ) |
| **RAZBAN ENTERPRISES, INC.** | ) ) |
| **Defendant.** | ) |

**AMENDED ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND CERTIFICATION UNDER 29 U.S.C. § 216(B) FOR SETTLEMENT PURPOSES**

Before the Court is the parties' Joint Motion to Modify the Court's Order Dated December 18, 2019. (ECF No. 26.) The parties previously filed their Joint Motion for Approval of Settlement Agreement and Conditional Class Certification of an FLSA Collective Action for Settlement Purposes, and Plaintiffs' Request for Attorney's Fees on September 10, 2019. (ECF No. 7.) Pursuant to Court Order, the Parties subsequently filed the proposed Settlement Agreement under Seal. (ECF No. 21.) A hearing was held on November 18, 2019, and the parties made the necessary changes to the Settlement Agreement and filed a redacted agreement on December 5, 2019. (ECF No. 23.) The court approved the settlement on December 18, 2019. (ECF No. 24.) For good cause shown, the Court **GRANTS** the Motion and modifies its Order Granting Motion for Approval of Settlement Agreement and Certification under 29 U.S.C. § 216(B) for Settlement Purposes.

When parties settle or compromise a Fair Labor Standards Act ("FLSA") claim, the parties must seek court approval for the proposed settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court may enter a stipulated judgment after

scrutinizing the settlement for fairness. *Id.* Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id*. at 1353-54. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA. *Id.* at 1353 n.8. "In essence, the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (*citing* 29 U.S.C. §§ 206, 207)). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores*, 679 F.2d at 1354.

Having reviewed the terms of the settlement here, the Court determines that the settlement is both fair and reasonable and was reached after substantial negotiations between counsel for all parties with the assistance of a highly-experienced mediator. As explained in the Settlement Agreement, the amount allocated to each Settlement Collective Member was determined by Plaintiff's counsel applying a formula that took into consideration the number of miles driven by each Settlement Collective Member and the amount of reimbursement already received during the Release Period. A delivery driver who drove more miles for Defendant during this period will be allocated a proportionally higher share of the settlement than one who drove fewer miles during the period. Counsel for Plaintiffs will receive a total fee award of $76,500. Both parties believe the agreement to be fair and reasonable, which weighs in favor of approval.

Further, after having reviewed the terms of the settlement here, the Court grants collective action certification of this action pursuant to 29 U.S.C. § 216(b) for purposes of sending the Notices of Collective Action Settlement (Exhibit 1 to the Motion for Settlement

Approval) to Settlement Collective Members.[1]  The Court finds that the Notices of Settlement meet the requirements of due process, constitute the best practicable notice under the circumstances, and are reasonably calculated under the circumstances to apprise Settlement Collective Members of the pendency of the Action and their rights to participate.  As such, the Court directs that the payment of the settlement proceeds and the notice process be completed by the Parties as set forth in the Settlement Agreement.

Accordingly, the Court **GRANTS** the parties' Joint Motion for Approval.

**IT IS SO ORDERED.**

                                               s/ S. Thomas Anderson
                                               S. THOMAS ANDERSON
                                               CHIEF UNITED STATES DISTICT JUDGE

                                               Date:  December 20, 2019.

---

[1] The Court adopts and incorporates by reference the definition of the capitalized terms set forth in the Settlement Agreement.